IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RENEE KAY GRIGG,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE WITHOUT PREJUDICE TO ITS REFILING AS A § 2241 PETITION<br><br><br><br>Case No. 2:06-CR-27 TS |

Defendant is serving an 18 month federal sentence. Defendant has written a number of letters to the Court.[1] In her most recent letter, Defendant requests that her sentence be reduced.[2]

The Court, having considered Defendant's Motion, finds that Defendant's Motion attacks the execution of her sentence and should have been filed as a Petition under 28 U.S.C. § 2241.[3] Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal

---

[1] *See* Docket Nos. 84, 85, 86, 87, and 88.

[2] Docket No. 88.

[3] *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.").

1

courts] within their respective jurisdictions." Defendant is confined in Arizona. The Tenth Circuit has clarified that "a petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and *must be filed in the district where the prisoner is confined*."[4] The statute further provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C.§ 2241(b).

In this case, Defendant has filed her request by Motion, rather than by a Petition addressed to the district court in the jurisdiction where she is confined. Because it was filed as a Motion rather than a Petition, Defendant has not paid the filing fee necessary to file such a Petition, nor has she moved to proceed with a 2241 petition in forma pauperis, and, therefore, there is no Petition to transfer. Accordingly, it is

ORDERED that Defendant's Motion to Reduce/Modify Sentence (Docket No. 88) is DENIED WITHOUT PREJUDICE to its refiling as a Petition under U.S.C. § 2241 in the federal district court in the district where she is currently confined.

DATED July 1, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (emphasis added).